# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 9, 2007

## STATE OF TENNESSEE v. DAVID JIMENEZ

**Appeal from the Circuit Court for Madison County**
**No. 95-459, 96-197 & 98-814     Roger A. Page, Judge**

---

### No. W2006-00731-CCA-R3-CD  - Filed March 9, 2007

---

The Appellant, David Jimenez[1], appeals the Madison County Circuit Court's revocation of his probation.  In June 2000, Jimenez entered a best-interest guilty plea to Class D felony theft of property, Class D felony fraudulent use of a credit card, and to two counts of Class E felony failure to appear.  As a result of these convictions, he received an effective eight-year suspended sentence. Jimenez was placed on supervised probation and allowed to return to Florida.  In February 2005, a probation violation warrant was issued alleging that Jimenez had violated the terms of his probation by failing to report and by failing to pay restitution and costs.  Following a revocation hearing, the trial court found Jimenez to be in violation of probation based upon a failure to report.  The court subsequently revoked Jimenez's probation and ordered that the effective eight-year sentence be served in confinement.  On appeal, Jimenez argues that the evidence presented was insufficient to establish that he willfully violated the terms of his probationary sentence.  After review of the record, we affirm the revocation of probation.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Christopher R. Whittaker & David Crichton, Assistant Public Defenders, Jackson, Tennessee, for the Appellant, David Jimenez.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jim Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

---

[1]Although the Appellant's name is spelled in various ways in the record on appeal, it is the policy of this court to utilize the name as set forth in the indictment.

The Appellant's effective eight-year sentence of probation stems from his guilty pleas in three separate cases. On June 26, 1995, the Appellant was indicted by a Madison County grand jury for theft of property greater than $1000. On February 26, 1996, in a separate case, a Madison County grand jury returned an indictment charging the Appellant with obtaining merchandise valued at $2,488.88 by the fraudulent use of a credit card. Finally, on October 26, 1998, the Appellant was indicted for four counts of failure to appear. In June 2000, the Appellant entered a best-interest guilty plea, as a Range II, multiple offender, to theft of property, fraudulent use of a credit card, and two counts of failure to appear, as indicted, with the remaining two failure to appear charges being dismissed. As provided by the terms of the plea agreement, the Appellant was sentenced to concurrent six-year sentences for Class D felony theft of property and Class D felony fraudulent use of a credit card. Additionally, he was sentenced to concurrent two-year sentences for each failure to appear conviction. However, the failure to appear sentences were ordered to be served consecutively to his sentences for theft of property and fraudulent use of a credit card, resulting in an effective sentence of eight years. Additionally, the agreement specified that the Appellant's sentences would be suspended, that he would be placed on supervised probation, and that he would be allowed to serve his probationary sentences in the State of Florida.

On October 4, 2004, a violation warrant was issued alleging that the Appellant had violated the terms of his probation by failing to pay restitution and court costs and by failing to report. According to the revocation order filed November 12, 2004, the Appellant waived his right to a hearing and admitted the violations. The trial court revoked the Appellant's probation but reinstated it with the provision that the sentences were to begin anew, and a new probation order was entered. The Appellant was again allowed to return to Florida under probation supervision.

A second violation warrant was filed on February 21, 2006, alleging that the Appellant had violated the terms of his probation by failing to report to his Florida probation officer and by failing to pay restitution and costs. A revocation hearing was held on March 10, 2006, at which the Appellant and his Tennessee probation officer testified.

The Appellant's probation officer, Jim Midyett, testified that following the reinstatement of the Appellant's probationary sentences on November 12, 2004, the Interstate Compact Regulations allowed the Appellant forty-eight hours to report to his probation officer in Florida. On December 17, 2004, Midyett received a violation report from Florida, dated December 12, 2004, stating that the Appellant had failed to report as of that date. The report further stated that the Appellant had called to reschedule his initial meeting but failed to appear at the rescheduled time as well. During his testimony, the Appellant acknowledged that he did not report in compliance with the regulation but testified that he failed to do so on the advice of Florida counsel.

After hearing the evidence presented, the trial court revoked the Appellant's probation and ordered him to serve his original eight-year aggregate sentence in the Tennessee Department of Correction. This timely appeal followed.

**Analysis**

On appeal, the Appellant asserts that the trial court erred in revoking his probation because there was insufficient evidence to support the finding that a willful violation had occurred. A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-310, -311 (2003). This court reviews a revocation of probation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). This means that the evidence need only show that the trial judge has exercised conscientious and intelligent judgment in making the decision rather than acting arbitrarily. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court has exercised conscientious judgment. If the trial court finds, by a preponderance of the evidence, that the defendant has violated a condition of probation, the court has the authority to revoke the probation and reinstate the judgment as originally entered. T.C.A. § 40-35-311(e). Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82.

In revoking the Appellant's probation, the trial court specifically found:

> Let me say I'm making these findings based on the credibility of the witnesses, and I'm finding by a preponderance of the evidence that [the Appellant] absconded his supervision.
>
> And, Mr. Jimenez, you've been in here several times over the years. The last time was on a revocation where you were revoked and reinstated. . . .
>
> . . . .
>
> It's always somebody else's fault. I cannot tolerate someone being put on probation and then making a mistake and being given another chance. And whatever the excuse is, you just did not report.
>
> Based on the evidence before me I'm finding that you violated the terms of your probation in a substantial way by a preponderance of the evidence. You're being revoked to serve your sentence.

In support of his argument that his failure to report was not wilful, the Appellant relies on his own testimony that he failed to report to his Florida probation officer on the advice of his counsel, Bryant Camareno. According to the Appellant, counsel advised him to defer reporting to his local probation officer until counsel could resolve a revocation issue which had arisen with the Appellant's probationary sentence in a separate Florida case. The Appellant also asks this court to consider the fact that his assigned probation officer was over an hour's drive from his location, that he had made substantial restitution payments in the case, that he pled guilty to the convictions in this

case rather than being convicted by a jury, and that he never willfully missed a court appearance, as the only instances of his failure to appear occurred when he was incarcerated in various jails.

Following review, we find nothing in the record to preponderate against the trial court's findings. The Appellant, pursuant to the terms of the Interstate Compact Regulations, was to report to his Florida probation officer within forty-eight hours of the imposition of his November 12th sentences. Clearly, he did not do so. Midyett received a report on December 17th from Florida authorities that the Appellant had not reported as required. Indeed, the Appellant himself admits that he did not report as instructed.

The Appellant's argument that his failure to report should be excused because he did so on the advice of counsel is misplaced. Initially, we are constrained to note that the only conclusive evidence of counsel's alleged advice derives from the Appellant's own self-serving testimony. In his brief, he asserts that letters evidencing this fact were admitted into evidence; however, they are not included in the record before us.[2] Nonetheless, even if accepted as true, the Appellant still bears the burden of complying with the conditions of his probation, and, in this case, he failed to do so. Regardless, the trial court obviously discredited the Appellant's testimony, and, in probation revocation hearings, the credibility of witnesses is to be determined by the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Thus, in this case, the Appellant has essentially conceded an adequate basis for finding that he violated the terms of his probation. *See State v. Nkobi I. Dunn*, No. E2001-02120-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Dec. 23, 2002). This issue is without merit as the evidence from the hearing established by a preponderance of the evidence that the Appellant willfully violated the conditions of his probation by failing to report. Accordingly, we conclude that the trial court acted within its statutory authority in revoking the Appellant's probation and ordering that his sentences be served in confinement.

## CONCLUSION

Based upon the foregoing, the revocation of the Appellant's probation by the Madison County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[2]Midyett testified that he did receive two letters from a Florida attorney, which we presume to be the two letters allegedly admitted into evidence. However, Midyett gave no testimony regarding the content of those letters. Additionally, he testified that he received a voicemail on December 29, 2004, from a Peter Lopez. When Midyett returned the call, the number was to a legal office. However, no one present had heard of Peter Lopez, which was not the name of the Appellant's Florida counsel.